Boring, J.,
delivered the opinion of the court:
The petitioners claim the net proceeds of eighty-two bales of sea-island cotton, and the court finds the facts to be:
That tlie said Richmond & Wilmot, in the year-, owned *534 and were possessed, as tenants in common, of eighty-two bales of sea-island cotton stored in the city of Savannah, which were captured by the United States, who took the said cotton from-the possession of said Wilmot & Eichmond, and sold the same at public auction, and paid the net proceeds thereof, amounting to the sum of $19,Q0G.7S, into the Treasury.
That previous to the rebellion the said Eichmond & Wilmot were copartners in trade, doing business in Savannah, in the State of Georgia, under the style and firm of Eichmond & Wilmot.
That previous to the rebellion the said Wilmot went from Savannah to Bridgeport, in the State of Connecticut, and there remained during the rebellion. That before the rebellion he was accustomed to pass his winters in Savannah and the rest of the year at the North. That he always bore true allegiance to the United States, and never voluntarily aided, abetted, or gave encouragement to rebellion against the Government thereof.
That during the rebellion the said Eichmond lived in Savannah, carrying- on the business of a jeweler, and served as a clerk in the commissary department of the so-called Confederate States of America, and took the oath of amnesty, 31st December, 1864, prescribed by the proclamation of December 6, 1863, and was not within any of the exceptions thereto.
That the said eighty-two bales of sea-island cotton were pur-’ chased in 1863 by the said Eichmond in his own name, and stored in Savannah in his own name, and on the capture of Savannah were reported by said Eichmond in the name and as the cotton of said AVilmot.
On the 2oth day of February, A. D. I860, the said Eichmond, for the nominal consideration of one- dollar, by assignment under his hand and seal, assigned all his right, title, and interest in said eighty-tw'o bales of sea-island cotton to said Wilmot, and said assignment is put in evidence in this suit by said Wilmot, but when' he became informed thereof does not appear.
That said Eichmond died previous to 1870.
In this case the petition is presented for Eichmond & WTilmot and avers their joint title, and is signed by their attorney, hut Wilmot, and he alone, makes oath to the petition, and therefore to the joint title set forth, and the judgment is rendered accordingly.
*535 Oo the facts stated the court find that said Richmond &Wilmot are entitled as tenants in common to recover judgment for the said sum of $19,000.78 against the United States, and it is so ordered.